```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

ROBERT KOSS, et al.,

                                 Plaintiffs,

        -against-                                              03 Civ. 7679 (SCR)(GAY)

THE WACKENHUT CORPORATION, et al.,

                                 Defendants.

-----------------------------------------------------------------------------x
```

## DECISION AND ORDER

Presently before the Court are applications to take the depositions of attorneys Daniel Driessen and Scott Brooks concerning statements made by defendant Charles Castrogiovanni at a meeting that took place on February 1, 2004.  Plaintiffs submit that Castrogiovanni's deposition testimony concerning critical facts was inconsistent with statements he made at the February 1, 2004 meeting.  Said meeting was attended by Charles Castrogiovanni, the former President of defendant Local 515, union counsel Scoot Brooks, former Local 515 member Richard Sosa, and Daniel Driessen, an attorney with the firm representing the plaintiffs.  Plaintiffs also seek the notes that attorney Brooks made during the meeting.  Defendants also seek to take the deposition of Sosa concerning the statements at issue.

This analysis starts with the proposition that depositions of "opposing counsel are disfavored", but a flexible approach taking in consideration all of the relevant facts and circumstances is to be used.  <u>In re: Subpoena Issued to Dennis Friedman</u>, 350 F.3d 65, 71 (2d Cir. 2003).  Factors to be considered "may include the need to depose the

lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. Id. at 72.

Here, the parties have not demonstrated a need to depose opposing counsel. Sosa, a participant at the meeting, has provided an affidavit setting forth his recollection of the events at issue and is an available witness. Moreover, of course, both attorneys Driessen and Brooks could now declare that they will be witnesses at trial with any resulting consequences to the continued representation of their clients. The Court further notes that the significance of the testimony concerning the February 1, 2004 meeting to the merits of this litigation is also questionable. Simply said, the importance of the subject testimony has not been demonstrated.

Accordingly, the applications to depose attorneys Driessen and Brooks and for discovery of their notes of the subject meeting are denied. The application to depose witness Sosa is also denied given the discovery schedule.

SO ORDERED:

Dated: November 13, 2006
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.